**UNITED STATES of America**

v.

**Ali RILEY, Appellant.**

No. 08–2752.

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Third Circuit
LAR 34.1(a) June 12, 2009.

Filed: July 9, 2009.

George S. Leone, Esq., Steven G. Sanders, Esq., Office of United States Attorney, Newark, NJ, for United States of America.

Linda D. Foster, Esq., Office of Federal Public Defender, Newark, NJ, for Appellant.

Before: McKEE, HARDIMAN, and VAN ANTWERPEN, Circuit Judges.

OPINION OF THE COURT

VAN ANTWERPEN, Circuit Judge.

On June 5, 2006, Appellant Ali Riley was charged in a one-count indictment with unlawful possession of a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1). On September 12, 2007, after a two day trial, the jury returned a guilty verdict. During deliberations, the jury sent two notes to the court asking whether they could have a police report that had been discussed during trial. Following the second note, the District Judge personally answered the jury's question off the record and outside the presence of Appellant and defense counsel. Appellant argues that this improper communication with the jury entitles him to a new trial. We disagree

and, for the reasons set forth below, will affirm.[1]

We have jurisdiction pursuant to 28 U.S.C. § 1291. Fifteen minutes after it retired to deliberate, the jury sent the court a note asking for an incident report that had been discussed at trial. The District Judge offered to go into the jury room and explain that the jurors could not have the report because it had not been entered into evidence, but defense counsel suggested that the answer be written on the back of the note. Shortly after the first note was returned to the jurors,[2] they sent out a second note, once again asking to have the report. The District Judge then announced that he would go into the jury room and personally tell the jurors that they could not have the report.[3]

Appellant later sent his trial counsel a letter expressing displeasure with the District Judge's course of action and implying that it improperly influenced the jury's decision. On January 28, 2008, the District Court held a status conference to address Appellant's concerns and asked whether anyone had "anything to say about this [allegedly improper conduct], other than myself as a matter of fact to assert that it didn't happen.... I [didn't] influenc[e] the jury's verdict." After some discussion of the matter, the District Judge stated that he "would be remiss if [he] didn't address [the problem].... [We will] get the transcript, take a look at the transcript and deal with it [before sentencing]." Despite this statement, the court did not revisit the issue before June 11, 2008, when it sentenced Appellant to 92 months' imprisonment followed by three years of supervised release.

In response to Appellant's brief in the instant appeal, the Government filed a motion to correct the record under Federal Rule of Appellate Procedure 10(e). On February 20, 2009, the District Court held a hearing to address the motion, at which the District Judge reviewed his notes of the proceedings, as well as the September 12, 2007, and January 28, 2008, transcripts, and found as follows:

> I went into the jury room, I did so with the understanding that there was not only no objection to me going into the jury room, but that counsel consented to me going into the jury room. I told the jury that the police report was not an exhibit in evidence and they, therefore, could not have it and I left the jury

---

1. Appellant also claims that the District Court abused its discretion in giving certain jury instructions and in refusing to hold an evidentiary hearing to determine whether his arrest violated the Fourth Amendment. After careful review of the record and the applicable law, we find that these contentions are without merit. We lack jurisdiction over Appellant's claim that the District Court unreasonably denied a downward departure motion based on the argument that Appellant's calculated criminal history category overstated the seriousness of his criminal record. *See United States v. Vargas*, 477 F.3d 94, 103 (3d Cir.2007) ("We do not have jurisdiction to review discretionary decisions by district courts to not depart downward.").

2. While it is unclear from the record whether the court answered the question in writing on the note or instructed a clerk to tell the jury that the report was not in evidence, it appears that the former occurred.

3. The Government contends that defense counsel did not object when the District Judge announced his intention to go into the jury room. Appellant, on the other hand, contends that defense counsel's suggestion that the court issue a written response to the first jury question should be construed as an objection to the court's response to the second question and, in the alternative, that defense counsel did not have time to object before the court answered the second question. We need not resolve this dispute, as we find the District Court's error to be harmless regardless of whether a contemporaneous objection was made.

room. I tell you, I represent to you, I did nothing to influence the verdict of the jury. I had no other conversation with them.

The court then entered an order providing that "the record on appeal in this case be, and hereby is, CORRECTED as stated in the transcript of [this proceeding]."

The parties agree that the manner in which the District Court responded to the jury's second note constitutes a violation of Federal Rule of Criminal Procedure 43 and the constitutional rights advanced by that rule. We subject Appellant's claim to harmless error review under which the "the Government must prove beyond a reasonable doubt that the defendant was uninjured by the error ..., [i.e., that] there [was] 'no reasonable possibility' of prejudice." *United States v. Toliver*, 330 F.3d 607, 613–15 (3d Cir.2003) (quoting *United States v. Alessandrello*, 637 F.2d 131, 139 (3d Cir.1980)).

We affirm despite the District Court's error because the record demonstrates no reasonable possibility of prejudice. The substance and timing of the events in question suggest that Appellant suffered no prejudice. The jurors' first note asked whether they could review the incident report. As the report had not been offered into evidence, there is no dispute that they could not review it, and the District Court responded accordingly. The second note, which came immediately after the first was answered, asked the same question. The District Judge then announced that he was going to enter the jury room and verbally repeat the answer that the parties had agreed to minutes earlier. The District Court's decision to respond to the second note by repeating verbally what the jury had already been told several minutes earlier, while improper, does not demonstrate prejudice. *See United States v. Carter*, 973 F.2d 1509,

1515 (10th Cir.1992) ("[T]he [ex parte] instruction was substantially identical to the court's previous jury instructions given in the presence of ... counsel. This fact alone could render the error harmless."). To the contrary, such events suggest that the District Judge simply repeated its previous answer to the jury.

Post-trial hearings also indicate that there was no reasonable probability that Appellant suffered prejudice. During the Federal Rule of Appellate Procedure 10(e) hearing, the District Judge corrected the record, stating that

I went into the jury room, I did so with the understanding that there was not only no objection to me going into the jury room, but that counsel consented to me going into the jury room. I told the jury that the police report was not an exhibit in evidence and they, therefore, could not have it and I left the jury room. I tell you, I represent to you, I did nothing to influence the verdict of the jury. I had no other conversation with them.

Defense counsel then stated that, except for · the indication that they consented to the District Judge's actions, they agreed "100 percent" with the District Judge's account of events. Indeed, Appellant's Reply Brief states that he "certainly did not and does not now argue that the trial court intentionally influenced the outcome of the trial." The District Judge's denial of any improper influence, with which defense counsel agrees, supports the conclusion that Appellant suffered no prejudice. *Cf. Rushen v. Spain*, 464 U.S. 114, 117–18, 120, 104 S.Ct. 453, 78 L.Ed.2d 267 (1983) ("emphatically disagree[ing]" with the contention that an "unrecorded *ex parte* communication between trial judge and juror can never be harmless error" and stating that "[t]he post-trial hearing in this case created more than adequate support for

the conclusion that" the error at issue was harmless).

Finally, we note that the error in this case is far less severe than that found harmless in *Toliver*. The District Court in *Toliver* both formulated and delivered a response to a jury question without consulting defense counsel, who, upon discovering this, twice objected to the substantive content of the court's response. 330 F.3d at 609–10. Before finding the error harmless, the *Toliver* Court noted that " 'the real harm' " posed by judge-jury interaction in the absence of counsel is " 'that the aggrieved party will have lost the value of the . . . opportunity to convince the judge that some other or different response would be more appropriate.' " *Id.* at 616–17 (quoted reference omitted). The current case does not implicate such a concern—defense counsel had agreed to the District Court's (undisputedly correct) response to the jury's question just minutes before it was delivered.

For the aforementioned reasons, we will affirm the judgment of the District Court.